# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 12-CR-0101-006-CVE** |
| | ) | **(13-CV-0791-CVE-TLW)** |
| EDGARDO JASSO CHAVERO, | ) | |
| previously named as | ) | |
| Edgardo Chavero-Jasso, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 239).  On March 17, 2015, the Court entered an opinion and order (Dkt. # 261) denying defendant's § 2255 motion.  Defendant argued, inter alia, that his counsel was ineffective for failing to file a notice of appeal, but the Court found that he did not direct his attorney Stephen J. Knorr to file a notice of appeal and that defendant signed a form acknowledging that he did not wish to proceed with a direct appeal of his conviction or sentence.  Dkt. # 261, at 7-10.  The Tenth Circuit Court of Appeals issued a limited remand for this Court to consider the credibility of defendant's allegation "that counsel induced him to sign the form by falsely promising to assist with an appeal at a later date."  Dkt. # 276, at 4.  The Court set the matter for an evidentiary hearing and appointed counsel to represent defendant at the evidentiary hearing.  An evidentiary hearing was held on April 1, 2015, and the Court heard the testimony of defendant's former attorney Knorr, an interpreter, and defendant.

**I.**

On June 6, 2012, a grand jury returned an indictment charging defendant and others with drug conspiracy, and defendant faced a statutory mandatory minimum sentence of 10 years and a possible maximum sentence of life imprisonment if convicted.   Dkt. # 2; 21 U.S.C. § 841(b)(1)(A)(viii).  Defendant made his initial appearance on June 27, 2012, and Jeffrey McGrew was appointed to represent defendant. Dkt. # 22.  Defendant pled guilty without a plea agreement and a sentencing hearing was set for March 6, 2013.  At the sentencing hearing, defendant orally moved for substitution of counsel.  The Court allowed McGrew to withdraw from his representation of defendant and appointed Knorr to represent defendant, and the Court continued the sentencing hearing to May 15, 2013.

On May 15, 2013, defendant appeared at the sentencing hearing and was represented by Knorr, and Knorr advised the Court that he had no objections to the presentence investigation report (PSR) and he found no fault with the government's refusal to offer defendant relief under the safety valve provision of the United States Sentencing Guidelines.  Dkt. # 248, at 2-3.  Counsel for the government stated that he had met with defendant three times, but defendant refused to cooperate and the information that defendant did provide was "inconsistent and unbelievable."  Id. at 10.  He also described defendant as "very difficult, obstinate, reticent, [and] uncooperative."  Id.  The Court asked defendant if the PSR had been read to him in Spanish and defendant claimed that it had been read to him in English, even though McGrew had represented to Knorr that McGrew and an interpreter met with defendant to read the PSR in Spanish and discuss the sentencing guidelines. Id. at 11.  The Court took a recess to allow an interpreter to read the PSR to defendant in Spanish. The interpreter who was present in court had also accompanied McGrew to meet with defendant,

and the interpreter stated under oath that she had previously read the PSR to defendant in Spanish when McGrew met with defendant to review the PSR and discuss the sentencing guidelines. Id. at 11-12. However, the Court continued the sentencing hearing to June 20, 2013 to ensure that defendant could not object that he was denied a full 35 day minimum period of disclosure of the PSR before sentencing. See Fed. R. Crim. P. 32(e)(2).. Defendant appeared at the continued sentencing hearing on June 20, 2013 and was represented by Knorr, and defendant then claimed that he had never distributed narcotics and that he was merely a drug addict who met with people that sold drugs. Dkt. # 249, at 6. The Court sentenced defendant to statutory mandatory minimum sentence of 120 months. Dkt. # 237.

Knorr met with defendant on June 26, 2013 to review the judgment and commitment (Dkt. # 237) and discuss defendant's appellate rights, but the parties dispute what occurred at that meeting. It is undisputed that defendant signed an acknowledgment form prepared by Knorr and that defendant signed the section of the form stating that he did not wish to file a direct appeal of his conviction, and Knorr did not file a notice of appeal after meeting with defendant. Dkt. # 254-1, at 6. Defendant's conviction became final on July 5, 2013 when his deadline to file a notice of appeal expired and no notice of appeal was filed.[1] On December 12, 2013, defendant filed a § 2255 motion (Dkt. # 239) and the Court determined that defendant was alleging five claims of ineffective assistance of counsel concerning the performance of McGrew and Knorr. As it relates to this Opinion and Order, defendant argued that Knorr was ineffective for failing to file a notice of appeal in violation of defendant's timely request. The Court entered an opinion and order (Dkt. # 261)

---

[1]     The judgment and commitment was filed on June 21, 2013 and defendant had 14 days to file a notice of appeal. Thus, defendant's conviction became final on July 5, 2013 when his deadline to file an appeal expired and no notice of appeal had been filed.

denying defendant's § 2255 motion in its entirety, and defendant sought a certificate of appealability (COA).  The Tenth Circuit granted a COA as to whether defendant should have been granted an evidentiary hearing on his claim that counsel was ineffective for failing to file a notice of appeal, because defendant made statements in his reply (Dkt. # 255) suggesting that he was induced to sign a waiver of his appellate rights based upon false promises made by Knorr.[2]  Dkt. # 276, at 3.  The Tenth Circuit remanded the case with instructions to more fully develop the record as to the credibility of defendant's allegations that he was induced to sign a waiver of appellate rights.

The Court held an evidentiary hearing on April 1, 2016 and defendant was represented by counsel at the hearing. Knorr testified that he met with defendant on June 26, 2013 and he brought an interpreter, Adriana Carrasco, and the purpose of the meeting was to discuss defendant's appellate rights and provide him a copy of the judgment and commitment.  Knorr advised defendant that he had a right to appeal, but he also discussed defendant's right to file a motion under § 2255 collaterally attacking his conviction and sentence.  Defendant seemed concerned about the length of his sentence and he talked about ineffective assistance of counsel, and he provided vague or evasive answers to Knorr's questions as to whether defendant wanted to file a notice of appeal. Knorr advised defendant that Knorr would file a notice of appeal at defendant's request, but he did not believe that defendant had any meritorious issues to raise on direct appeal and he told defendant that he would file an Anders brief.  Upon questioning by the Court, Knorr testified that it would not have been inconvenient for him to prepare a notice of appeal and he had sufficient time on June 26,

---

[2]     The Tenth Circuit noted that defendant's reply was not signed under penalty of perjury in compliance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings, but the Tenth Circuit found that this defect could be corrected by defendant when the case was remanded. Dkt. # 276, at 6 n.1.  This defect has not been corrected and defendant has not filed an amended reply signed under penalty of perjury.

4

2013 to draft and file a notice of appeal. He has a form notice of appeal saved on his computer and it would have taken him just a few minutes to draft and file a notice of appeal that day.  Knorr testified that he discussed in detail defendant's right to file a § 2255 motion, because defendant expressed great interest in alleging that Knorr and McGrew were ineffective for failing to obtain a lower sentence for defendant.  Knorr presented defendant with a form acknowledging that Knorr had discussed defendant's appellate rights with him, and the form directed defendant to sign that he was choosing one of the following options:

> After consulting with Mr. Knorr, I have decided I do wish to appeal and have requested that Mr. Knorr file the notice of appeal on my behalf or, if appropriate, arrange for appointed counsel.  I am aware that an *Anders* brief will be filed.

.     .     .

> After consulting with Mr. Knorr, I have decided I do not wish to appeal and thus I am waiving, or giving up, any rights that I might have to appeal my conviction or sentence. However, I am not waiving my right to file a habeas petition alleging ineffective assistance of counsel.

Dkt. # 254-1, at 6.  Defendant initially would not sign the form and he would not clearly state if he wanted Knorr to file a notice of appeal, and Knorr had the interpreter note on the form that defendant refused to sign it.  Knorr told defendant that he would file a notice of appeal and, as he and the interpreter were leaving the room, defendant called them back into the room.  Defendant stated that he would sign the form and he signed that he did not want Knorr to file a notice of appeal.  Knorr again explained the difference between a direct appeal and a § 2255 motion.  The entire meeting lasted between one hour and 45 minutes to two hours.

    The interpreter, Carrasco, testified that she accompanied Knorr when he met with defendant on June 26, 2013 and that she clearly remembered the meeting.   Knorr asked Carrasco to note on the acknowledgment form that defendant refused to sign the form and initial her notation, which she

5

did.  She testified that she and Knorr were leaving the meeting after defendant refused to sign the form, but defendant started asking more questions of Knorr and defendant stated that he would sign the form.  Carrasco crossed out where she had written that defendant refused to sign the form, and she separately signed the form to indicate that she had translated the conversation between defendant and Knorr.  Carrasco felt that defendant fully understood Knorr's advice, but she noticed that defendant tended to ramble and hear only what he wanted to hear.  Carrasco described defendant as "difficult" and "obstinate."  Carrasco did not hear Knorr make any statement that it would be more convenient for him to file the notice of appeal at a later date, and Knorr did not make any other promises to defendant based on defendant's decision to sign the acknowledgment form.  On cross-examination, Carrasco explained that many of defendant's questions to Knorr concerned defendant's dissatisfaction with his sentence, and defendant was uninterested in Knorr's explanations for the sentence imposed.  Carrasco recalled that Knorr did advise defendant of the 14 day deadline to file a notice of appeal.

Defendant testified that he spoke, read, and wrote little English and someone at the jail assisted defendant with the drafting of his § 2255 motion.[3]  Based on defendant's testimony, it is unclear to what extent defendant provided input for his court filings, but it seems apparent that he obtained assistance with the legal aspect of his filings.  Defendant acknowledged that there were factual assertions in his § 2255 motion that were untrue, such as that he paid his court-appointed counsel and his identification of McGrew as the attorney who failed to file a notice of appeal.  Defendant did not recall Knorr's advice that he would file an <u>Anders</u> brief if defendant intended to

---

[3]     The Court notes that defendant's answers to questions were often non-responsive and it was sometimes difficult to put his answers into context, but the Court will attempt to construe his testimony liberally and consistently with his court filings.

proceed with a direct appeal, but he testified that Knorr did advise him about filing a § 2255 motion. Defendant claims that the meeting with Knorr lasted about 15 to 20 minutes, and he stated that Knorr did not explain the acknowledgment form to him. Knorr allegedly made statements to the effect that an appeal would not help him "here" but that Knorr would file an appeal once defendant was transferred to another prison. Defendant denied that the interpreter read the acknowledgment form to him in Spanish. Defendant claims that he initially refused to sign the acknowledgment form because he wanted to file a direct appeal, but he admits that the signed the form at the end of the meeting. However, he claims that he signed the form with the understanding that "I would be appealing over there where I was going to do my time." On cross-examination, defendant effectively refused to answer any questions asked by counsel for the government by giving non-responsive answers to any questions or by claiming that he could not remember what occurred.

## II.

At the hearing, counsel for defendant argued that defendant's credibility as to allegations made in his reply (Dkt. # 255) is not the primary issue before the Court; instead, he argued that the acknowledgment form prepared by Knorr conditioned the filing of a notice of appeal on Knorr's filing of an Anders brief. Defendant claims that he should have been presented with the option to simply direct Knorr to file a notice of appeal without consideration by Knorr of the possible merits of any issues that could be raised before the Tenth Circuit. Defense counsel acknowledged that the Tenth Circuit remanded the case for consideration of defendant's credibility as to his claim that he was induced to sign an appellate waiver, but counsel argued that his claim as presented at the evidentiary hearing is consistent with the scope of the Tenth Circuit's remand.

The Supreme Court has clearly established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). While there is no bright-line rule requiring a defense attorney to ask the defendant if he wishes to appeal, an attorney has a duty under the Sixth Amendment to the United States Constitution to consult with his client about the possibility of an appeal if the "particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. This situation is an exception to the general rule that a defendant must show that his attorney's error had an adverse effect on the proceedings to prevail on a claim on ineffective assistance of counsel, because a defense attorney's failure to file an appeal results in the defendant's forfeiture of a judicial proceeding. Id. at 483. A criminal defendant is not required to show that the appeal would have had merit. Id. at 486. The Tenth Circuit has held that an attorney who disregards a defendant's request to file a notice of appeal is ineffective and this error is presumptively prejudicial. United States v. Snitz, 342 F.3d 1154, 1156 (10th Cir. 2003). The remedy for an attorney's failure to file an appeal as requested by a defendant is granting the defendant leave to file a delayed appeal. United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir. 2005).

There is no dispute that Knorr consulted with defendant and that Knorr did not file a notice of appeal, but the case was remanded to this Court for consideration of defendant's allegations that "counsel induced him to sign the [acknowledgment] form by falsely promising to assist with an appeal at a later date." Dkt. # 276, at 4. The Court was directed to "further develop the factual record as necessary to resolve in the first instance the merits of [defendant's] ineffective assistance of counsel claim." Id. at 6-7. Under 28 U.S.C.§ 2106, an appellate court may "reverse any

judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." "The mandate rule is a 'discretion guiding rule' that 'generally requires trial court conformity with the articulated appellate remand . . . .'" United States v. Hicks, 146 F.3d 1198, 1200 (10th Cir. 1998) (quoting United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996)). For example, the Tenth Circuit may limit the scope of remand to the development of the record on a particular issue if the basis for the district court's decision is unclear or requires clarification. Seeley v. Chase, 443 F.3d 1290, 1295 (10th Cir. 2006); United States v. Fox, 930 F.2d 820, 823-24 (10th Cir. 1991). The Tenth Circuit has recognized three exceptions to the mandate rule that permit a district court to depart from the Tenth Circuit's mandate limiting the scope of remand: "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) [if] blatant error from the prior sentencing decision would result in serious injustice if uncorrected." United States v. Webb, 98 F.3d 585, 587 (10th Cir. 1996).

The Tenth Circuit's instructions on remand were clear and specific, and the purpose of remanding the case was to develop the record as to defendant's credibility as to one issue raised in his reply. Dkt. # 276, at 5. The Tenth Circuit's decision did not order a general evidentiary hearing on defendant's claim that Knorr failed to file a notice of appeal upon defendant's request, but the scope of the claim remanded was limited to consideration of the credibility of defendant's allegation

that he was induced to sign a waiver form based on false promises by Knorr.[4]  Defendant's reply did not suggest that he was confused by the waiver form and the Tenth Circuit did not discuss any purported defect with the waiver form in its decision.  The only fact that has changed since defendant filed his reply is that defendant was represented by counsel at the evidentiary hearing and it is likely that counsel would prefer that the Court not consider defendant's credibility as the decisive issue.  This is not a sufficient basis to depart from the limited scope of the Tenth Circuit's remand.  Defense counsel argued at the evidentiary hearing that his arguments were within the scope of the Tenth Circuit's mandate, because defendant's argument in his reply could broadly be considered as a claim that he wanted to file an appeal but felt that he had no choice but to sign the form due to the manner in which the choice was presented.  This is not what defendant argued in his reply or before the Tenth Circuit, and the new argument that defense counsel is seeking to raise is outside the scope of the Tenth Circuit's mandate.

Even if the Court were to reach this issue, the Court would not find that defendant has presented any evidence that he was actually confused by the acknowledgment form.  Defense counsel questioned defendant about his educational background and his limited familiarity with English, but defendant never testified that the acknowledgment form or the options presented by Knorr caused him any confusion.  Instead, defendant testified that he signed the form with the understanding that Knorr would not file a notice of appeal while defendant was "here," but that Knorr would file the notice of appeal when defendant was "there" [in prison].  Defense counsel

---

[4]     The Tenth Circuit's decision did not actually require the Court to hold an evidentiary hearing, but the Court determined that it could not assess defendant's credibility based only on written pleadings and affidavits and the Court set the matter for an evidentiary hearing. See Dkt. # 276, at 6; Dkt. # 280.

argues that Knorr should not have presented defendant with an option to file a notice of appeal conditioned on the filing of an Anders brief, but this is a moot point because defendant testified that he did not recall any discussion about an Anders brief and this could not be a source of any confusion on defendant's part. The issue before the Court is whether defendant was coerced into signing a waiver form, not whether he subjectively misunderstood Knorr's advice, and defendant has cited no authority suggesting that a defendant's confusion by itself would give rise to a claim of ineffective assistance of counsel.

The Court will next consider defendant's credibility as to his specific allegation that he was improperly induced or coerced into signing an acknowledgment form stating that he did not wish to file a notice of appeal. At the evidentiary hearing, the Court heard the testimony of Knorr, Carrasco, and defendant, and the Court was presented with two vastly different versions of what occurred on June 26, 2013. According to Knorr, he met with defendant for almost two hours, and Knorr advised defendant that he would file a notice of appeal and an Anders brief unless defendant could identify a colorable claim that could raised on a direct appeal. Knorr explained that defendant was sentenced to the statutory mandatory minimum and there were no objections to the PSR. Defendant provided evasive answers to many of Knorr's questions and defendant repeatedly inquired about filing claims of ineffective assistance of counsel concerning the performance of McGrew and Knorr. Based on defendant's responses, it appeared that defendant wanted to challenge the length of his sentence in some way and the only issues he identified concerned his complaints that he received a sentence that was too long due to the performance of his counsel. Knorr originally was leaving the meeting with the intention of filing a notice of appeal, because defendant would not clearly state whether he wanted Knorr to file a notice of appeal. Knorr testified

11

that he had the time to prepare and file a notice of appeal, which takes minutes.  Defendant asked Knorr to come back into the room and defendant asked more questions of Knorr, and defendant advised Knorr that he did not wish to file a direct appeal.  Defendant signed the acknowledgment form stating that he did not wish for Knorr to file a notice of appeal.  Carrasco's testimony corroborates Knorr's version of the events.  Carrasco recalls that Knorr had a lengthy meeting with defendant and that defendant initially refused to sign the acknowledgment form.  At Knorr's request, Carrasco noted on the form that defendant refused to sign the form.  Carrasco described defendant as stubborn, argumentative, and obstinate, and defendant was unwilling to listen to Knorr's explanations if it was not what defendant wanted to hear.  Carrasco testified that she and Knorr were leaving the room when defendant called them back.  Defendant signed the form acknowledging that he did not want Knorr to file a notice of appeal and Carrasco crossed out her note that defendant refused to sign the form.  Carrasco did not remember Knorr making any statement to the effect that Knorr would file a notice of appeal when it was more convenient for Knorr.

The Court finds that Knorr's and Carrasco's testimony as to what occurred during the June 26, 2013 meeting is credible.  Knorr and Carrasco have clear and consistent recollections of the meeting and this provides corroboration for Knorr's version of the events.  Knorr's billing records show that he billed 1.7 hours for the meeting on June 26, 2013, and there is no reason to believe that Knorr would misrepresent the length of the meeting in his billing records.  See Government Exhibit 3 (Knorr's billing records).  Knorr's and Carrasco's testimony that defendant had a tendency not to directly answer questions and hear only what he wanted to hear is supported by defendant's conduct at the evidentiary hearing, because defendant essentially refused to answer questions posed by counsel for the government and what answers he did give were non-responsive to the questions

asked.[5]  Knorr explained at the evidentiary hearing that filing a notice of appeal requires minimal effort and it would have taken him a couple of minutes to draft a notice of appeal and electronically file the notice of appeal with the Court.  Due to defendant's evasive answers to questions, Knorr testified that he advised defendant that he would file a notice of appeal, but defendant called Knorr back into the room and asked additional questions before directing Knorr not to file a notice of appeal.  Knorr believed that defendant was more interested in filing a § 2255 motion alleging claims of ineffective assistance of counsel.  The Court finds that this is consistent with defendant's conduct throughout this criminal process, because defendant repeatedly expressed his dissatisfaction with counsel at court hearings and the Court appointed a new attorney, Knorr, to represent defendant due to defendant's belief that his first court appointed attorney was ineffective.

The Court finds that defendant's testimony is not credible as to what occurred on June 26, 2013 and the Court specifically finds that defendant's allegations that he was coerced into signing a waiver of his appellate rights is not credible.  The Court initially notes that there is a substantial issue as to whether defendant even knew what was contained in his reply, because he testified at the evidentiary hearing that he did not personally draft his court filings.  Upon questioning by defense counsel, he acknowledged that he was not aware that his § 2255 motion contained allegations that defendant paid Knorr to represent him.  Defense counsel intended this line of questioning to show that defendant was "confused" by legal forms, but defendant's testimony raises a substantial question if he even knew what allegations were raised in his § 2255 motion and reply.  Defendant repeatedly testified that he signed the form with the understanding that Knorr would not file an

---

[5]     Defense counsel also had similar problems while examining defendant during the evidentiary hearing, and defendant frequently volunteered information that was not responsive to the questions asked by defense counsel.

appeal "here" but that Knorr advised defendant that an appeal would be more helpful "there." Defendant could be suggesting that Knorr somehow suggested that he would file a notice of appeal when defendant was transferred to another facility, but it takes a substantial amount of time for defendants to be designated to a new facility by the Bureau of Prisons (BOP) and then transferred, and an appeal would be untimely if an attorney waited to file a notice of appeal when a defendant arrived at a facility designated by the BOP.  Knorr's testimony shows that he would have filed a notice of appeal on or shortly after June 26, 2013, regardless of the merits of any issue that could be raised by defendant, and the Court finds that defendant's allegations that Knorr agreed to file an appeal at a later date is not credible.  The defendant's testimony in this regard is also consistent with Knorr's testimony that defendant actually wanted to file a § 2255 motion, not a direct appeal, because such motions are typically filed by defendants once they are in the custody of the BOP and defendant actually did file a timely § 2255 motion once he was designated to a facility by the BOP.  The Court finds that defendant's testimony that the acknowledgment form was not read to him in Spanish is not credible, because Knorr brought an interpreter to the meeting and the interpreter testified that she read the form to him in Spanish.

The Court's finding on specific issues of defendant's lack of credibility is also supported by defendant's history of untruthfulness and game-playing with the judicial process.  At the change of plea hearing, defendant refused to clearly answer questions as to whether he would be changing his plea pursuant to a plea agreement and he provided evasive answers about his role in the charged conspiracy. Dkt. # 193, at 5-10, 26-33.  The Court appointed new counsel for defendant at the initial sentencing hearing, because defendant blamed his attorney for failing to obtain a lower sentence, even though defendant was not eligible for the safety valve due to his own failure to provide

14

complete and truthful cooperation. On May 15, 2013, defendant appeared at a continued sentencing hearing with Knorr, and defendant claimed that the PSR had not been read to him in Spanish. Dkt. # 248, at 11. The interpreter who was present when McGrew met with defendant to review the PSR was also interpreting at the sentencing hearing, and she advised the Court that she had personally read the PSR to defendant in Spanish more than 30 days before the May 15, 2013 hearing. Id. at 12. At the same hearing, counsel for the government stated that he had met with defendant three times to determine if defendant could receive a reduced sentence by cooperating, and he described defendant as "difficult" and he stated that defendant's "stories are inconsistent and unbelievable." Id. at 10. The Court also notes the inconsistency in defendant's § 2255 motion and reply concerning the nature of his ineffective assistance of counsel claim at issue in this Opinion and Order. Defendant originally claimed that he specifically directed Knorr to file a notice of appeal and he did not mention that he had signed a form memorializing his decision not to proceed with a direct appeal. Dkt. # 239, at 16-21. In response, the government submitted Knorr's affidavit that defendant had signed a waiver form, and presented the signed waiver form. In his reply, the nature of this claim changed and defendant argued that he was induced to sign the waiver form based upon Knorr's false promises that he would file an appeal when defendant was transferred to a different prison. Dkt. # 255, at 10. Defendant's conduct throughout this litigation serves to undercut his credibility as to the specific allegations concerning his decision to sign the acknowledgment form.

The Court finds that defendant was not coerced or induced by false promises to sign a form acknowledging that he did not wish to file a notice of appeal, and defendant's allegations to this effect are not credible. Defendant has shown a willingness at every stage of this case to engage in game playing to prolong the judicial proceedings, and his allegations of ineffective assistance of

counsel concerning Knorr's failure to file a notice of appeal are no different.  The Court has found

that Knorr and Carrasco have provided credible testimony as to what occurred on June 26, 2013, and

the Court specifically finds that defendant freely and voluntarily signed a form acknowledging that

he did not want Knorr to file a notice of appeal.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 239) is **denied**.  A separate judgment is entered

herewith.

**DATED** this 8th day of April, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE